EASTERN DIST.
*February*, 1837.

DECOUX'S HEIRS
*vs.*
PLANTEVIGNES.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

| 10L | 503 |
|-----|-----|
| 52  | 461 |

## DECOUX'S HEIRS *vs.* PLANTEVIGNES.

An appeal will not be dismissed, because transcript is not filed on the return day, if it be filed before the motion to dismiss.

The appellant has a delay of three judicial days after the return day, within which to file the transcript, or obtain a prolongation of time.

 person employed in the settlement of a succession, will be allowed to introduce evidence in support of a commission charged by him, to show that it is usually allowed in such cases, because he might show he was within the knowledge of his employers, a person frequently engaged in such business, and that his charges were such as were usually allowed to persons in similar circumstances.

A procuration, or mandate, is gratuitous, unless there has been a contrary stipulation. This need not be express, it may be implied.

The receipt of the heirs for a balance, is evidence of an account rendered, and a settlement made. It is evidence of the allowance of every charge made in the account, even the commissions retained.

The commission charged for the settlement of a succession, may be allowed in lieu of a compensation usually stipulated for, and paid for such service. The tutor may allow this commission on the property of his ward.

If the heirs respectively received the sums due them, from the person entrusted with the settlement of their ancestor's succession, on an account rendered, the balance retained by him, will be presumed to be on account of his commissions, and as if they were actually paid to him.

The plaintiffs allege, that they are the heirs and legal representatives of the widow Pierre Decoux, the nett amount of whose succession, after it had been partially administered by a testamentary executor, amounted to twenty-two thousand one hundred and nineteen dollars. That said executor had proceeded to sell the property of said succession on a credit, and was discharged after being allowed his full commissions.

They further show, that they appointed the defendant by notarial act, their mandatory, or attorney in fact, to take charge of said succession, to collect the debts for the property sold, and to settle its affairs, and that he accepted the procuration.

They further allege, that the defendant has failed, and refused to render a final account of his trust, but, he retains a balance in his hands of one thousand one hundred and six dollars, as his commission on the whole amount of the succession, at the rate of five per cent. They allege, the procuration which was conferred on him and accepted, was entirely gratuitous. They pray that he be compelled to render an account and pay over this balance.

The defendant admitted his appointment to collect the debts of the succession, and to pay off such as were owing; to settle with the heirs and pay over each one his portion, and that he retained for his commission and trouble five per cent. on the amount which came into his hands; that the plaintiffs sanctioned and approved his acts, by giving receipts and acquittances for the portion of each; that his services were fully worth that amount retained, and which is the usual allowance in such cases. Upon these pleadings and issues the parties went to trial.

The defendant offered witnesses who had been employed in the parish to settle successions in this way, to prove that his charge of five per cent. commission was usual and customary for such services. The testimony was objected to, on the ground, that the power of attorney, under which the defendant acted, did not contain any stipulation for compensation, but that the procuration was, under the Code, a gratuitous one, &c. The court sustained the objections, and a bill of exceptions was taken.

The plaintiffs had judgment for the sum claimed, and the defendant appealed.

*F. N. Ogden*, for the plaintiffs, filed a motion on the 11th of January, to dismiss the appeal, because it was made return-

able by consent to the *first Monday* (2d day) of January, and the transcript was not filed until the 5th of the same month.

2. He urged the affirmance of the judgment, because the procuration under which the defendant acted was gratuitous, and having been accepted, he could not charge a commission, or in any other way demand remuneration, *Louisiana Code,* 2960.

3. The receipts of the plaintiffs only go to show the hereditary portion each one received, and do not authorize the inference, that they intended to allow a commission. It was incumbent on the defendant, to have shown a special agreement to that effect. *Pothier, Traité des Obligations,* 476, *No.* 784.

4. If the receipts by the tutor of the minor heirs, showed an agreement to allow a commission, it would amount to a donation, which the tutor had no right to make. *Louisiana Code,* 345.

5. The minor heirs have a right either to proceed against their tutor, or directly against the person who has obtained an unjust advantage over them. 5 *Martin, N. S.,* 655. 9 *Martin,* 490.

*Servant* and *Soulé, contra.*

1. The defendant in this case, had a right to prove that it is customary for agents, in the parish of Point Coupee, to charge five per cent. to their principals; and the bill of exception to refusal of the judge to allow said proof, was well taken, because the obligations of contracts extend not only to what is *expressly* stipulated, but also to every thing that by law, equity, or *custom,* is considered as incidental to the particular contract. *Louisiana Code, article* 1897.

2. The receipts given by plaintiffs, are in the nature of a settlement of accounts; they approved, tacitly his charge, by giving receipts for their portions; and a settlement thus agreed to, (*solde de compte,*) cannot afterwards be objected to. *Louisiana Reports,* 544.

3. By remaining silent so long, (from 1825 to 1836,) the approval of the acts of Plantevignes, (that of retaining a

64

EASTERN DIST.
February, 1837.

DECOUX'S HEIRS
vs.
PLANTEVIGNES.

commission being one of them,) by plaintiffs, may fairly be presumed. 7 *Martin, N. S.*, 143.

4. Though the contract of mandate contains no stipulation for salary, it may, in some cases, be declared not gratuitous, according to circumstances, the custom and the profession of the mandatary. 18 *Duranton, No.* 197. *Sirey*, 32, 1, 621.

*Martin, J.* delivered the opinion of the court.

The defendant is appellant from a judgment, which condemns him to pay to the plaintiffs a sum of money, which he retained on a settlement with them, of the succession of their ancestor, which had been entrusted to him. The plaintiffs, appellees, contend the appeal ought to be dismissed, because it was made returnable by consent, on the first Monday of January, which was the second day of the month, and the transcript was not filed until the 5th of January. In the case of Traverso et al. *vs.* Row et al. *ante* 500, which we have just decided, we held that the appellee cannot claim a dismissal of an appeal, on the ground of the transcript not having been filed on the return day, unless he does so before it be actually filed.

An appeal will not be dismissed, because the transcript is not filed on the return day, if it be filed before the motion to dismiss.

This is a stronger case. The transcript was brought up on the third day after that on which the appeal was returnable. The appellee, therefore, was not entitled to demand from the clerk the certificate, on the production of which, execution could have issued from the Inferior Court. *Code of Practice*, 589. Neither could he have demanded the dismissal of the appeal, because article 883 gave the whole of the day upon which the transcript was filed, to the appellant, in order to obtain from this court a prolongation of time.

The appellant has a delay of three judicial days after the return day, within which to file the transcript, or obtain a prolongation of time.

In the case of Ross *vs.* St. Francis' Church, we held that the transcript need not be filed on the return day, if it be not a judicial day, and that the delay of three days, is of three judicial days. This court did not sit on the 2d of January, nor on any of the three following days. The appeal, therefore, cannot be dismissed.

On the merits, the counsel for the appellees has urged,

1st. That the power of attorney, under which the defend- ant acted, was a gratuitous one, and having accepted it, he could not pretend to a remuneration. *Louisiana Code*, 2960.

2d. The receipts offered by him, to show that the tutors of the minor heirs had agreed to pay him a commission, do not go to that extent. They receipted for the hereditary portion of the heirs alone, and it was incumbent on the agent to show specially, an agreement on their part, to pay him a commission. *Pothier, Traité des Obligations, vol.* 1, *page* 460, *article* 784.

3d. If the receipts are evidence of an agreement to allow a commission, they are so of a donation of the minors' property, which the law prohibits. *Civil Code*, 347.

4th. A minor injured by the act of his tutor, has a remedy against him, and also against the person, he illegally avail- ing himself of such an act. *Leonard's tutor* vs. *Mandeville.* 9 *Martin,* 490–8. *Butler* vs. *His Creditors,* 5 *Martin, N. S.,* 655.

The defendant's and appellant's counsel has drawn our attention to a bill of exceptions, to the opinion of the court, refusing him leave to introduce evidence of a charge of commission, as that made by him being usually allowed in the parish, to persons undertaking the settlement of successions.

2d. He has urged that the receipts of the heirs, for the balances coming to them respectively, is evidence of a settlement of account, in which the charge for commission was made and allowed.

3d. The silence of the plaintiff, (from 1825 to 1836,) is a corroborating circumstance, from which a strong presumption arises, that the commission was, on a settlement of account, thought to be due. 7 *Martin, N. S.,* 143.

4th. The contract made, is from its nature gratuitous, but not *essentially* so. A compensation may be legally stipulated, *expressly* or *impliedly.* 18 *Duranton, No.* 197. *Sirey,* 32, 1, 621.

EASTERN DIST. It appears to us, that the evidence offered by the defendant
February, 1837. and appellant, ought to be received. It was useful to him,
DECOUX'S HEIRS after having shown that persons engaging in the settlement
vs.
PLANTEVIGNES. of successions charged, and were allowed, a commission
therefor, he might have shown that he was in the knowledge
person frequent- of his employers, a person usually engaged in such settle-
ly engaged in
such business, ment, and that his charges were not greater than those
and that his
charges were made by, and allowed to, persons in similar circumstances;
such as were and thence have contended, that the persons who employed
usually allowed
to persons in him, knew that he expected a compensation, and presented
similar circum-
stances. the allowance of the commission, as an evidence of an
A procuration implied promise to pay it.
or mandate is
gratuitous, un- The first proposition of the appellee's counsel, has been
less there has
been a contrary correctly answered by the fourth of the appellant's, that the
stipulation. This procuration is gratuitous, unless there have been a contrary
need not be ex-
press, it may be agreement. *Louisiana Code*, 2960. This contrary agree-
implied.
The receipt of ment need not be *express*, it may be *implied*.
the heirs for a
balance, is evi- 2d. The receipt of the heirs for a *balance*, is evidence of an
dence of an ac- account rendered, and a settlement made. It is evidence of
count rendered
and a settlement the allowance of every charge made in such account. The
made. It is evi-
dence of the plaintiffs do not contend, that the defendant neglected to
allowance of charge himself with any thing with which he was chargable.
every charge
made in the ac- They only claim the amount of the commission he has
count, even the
commissions re- retained, on paying the balance in his hands, on the rendi-
tained.
The commis- tion of an account, in which this commission was necessarily
sion charged for charged, as ordering *pro tanto* the balance he owed.
the settlement of
a succession may 3d. As the defendant, when he was requested by the
be allowed in tutors of the plaintiffs, to undertake the settlement of the
lieu of a com-
pensation usual- succession of their ancestor, might have stipulated for the
ly stipulated for,
and paid for such compensation usually allowed for such a service, without
service. The violating the article of the Code cited, it follows that the
tutor may allow
this commission tutors, in agreeing to pay that compensation, made no
on the property
of his ward. donation to him, but promised a *quid pro quo*, a fair com-
If the heirs pensation.
respectively re-
ceived the sums 4th. The tutor in doing so, did no injury to his minor.
due them from
the person en- Upon the whole, it appears to us, that all the plaintiffs
trusted with the having left, when they received their respective shares of the
settlement of
their ancestor's succession of their ancestor, a sum in his hands, which is

admitted to be no more than the commission, which he claims as a compensation for his services, and all of them but one, having acknowledged that the sum by them respectively received, was the balance of an account rendered by the defendant, in which this charge is admitted to have been made, since it is now claimed as having been then retained, it follows that they are in the same situation as they would be if the commission had been actually *paid*; had it been, the payment would be a very strong presumption that the plaintiffs considered the defendant entitled thereto.

*Eastern Dist.*
*February, 1837.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed, and that judgment be given for the defendant with costs, in both courts.